UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE L. MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>W. GOWER,<br><br>        Defendant. | Case No. 15-cv-05749-JSC<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING APPOINTMENT OF COUNSEL**<br><br>Dkt. Nos. 3, 4 |

**INTRODUCTION**

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence.[1] He has paid the filing fee. Because the petition states a cognizable claim for relief, a response from Respondent is warranted.

**BACKGROUND**

Petitioner was convicted of murder in 2012 in Contra Costa County Superior Court. Based on his conviction, the trial court sentenced him to a term of 50 years to life in state prison. The California Court of Appeal affirmed the judgment in 2013, and the California Supreme Court denied a petition for review in 2015. Thereafter he filed the instant federal petition.

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 2.)

## DISCUSSION

### I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II. Legal Claims

Petitioner claims that (1) the exclusion of evidence violated his right to due process and his right to present a defense; (2) the prosecutor committed misconduct during closing argument, in violation of Petitioner's right to due process; and (3) the cumulative effect of the above errors rendered his trial fundamentally unfair in violation of his right to due process. When liberally construed, these claims state cognizable grounds for federal habeas relief.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form in accordance with the deadline provided on the form.

3. Respondent shall also file with the Court and serve on Petitioner, within **ninety-one (91) days** of the date this Order is issued, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

      4.  Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

      5.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      6.  Petitioner's application for leave to proceed in forma pauperis (Dkt. No. 3) is GRANTED in light of Petitioner's lack of funds.

//

//

7. Petitioner's motion for appointment of counsel (Dkt. No. 4) is DENIED. There is no right to counsel in a federal habeas proceeding, and petitioner has thus far been able to present his claims adequately.

**IT IS SO ORDERED.**

Dated: January 28, 2016



JACQUELINE SCOTT CORLEY
United States Magistrate Judge